IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01628-PAB-MEH

KIRK VELARDE,

      Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

      Defendant.

---

## ORDER ON MOTION TO STRIKE EXPERT DISCLOSURE

---

**Michael E. Hegarty, United States Magistrate Judge.**

      Before the Court is Plaintiff's Motion to Strike Defendant's Expert Peter Weingarten, M.D. [filed March 23, 2016; docket #31]. The matter is referred to this Court for disposition. The parties did not request oral argument and the Court finds it would not assist in the Court's adjudication of the motion. For the reasons that follow, the Court denies Plaintiff's motion.

## I.    Background

      In this lawsuit, the Plaintiff, Kirk Velarde ("Velarde"), alleges that Defendant Allstate Insurance Company ("Allstate") failed to pay the full amount of underinsured motorist benefits due him under his motorcycle insurance policy. Docket #1. Allstate removed the action from Boulder County District Court on July 30, 2015 and that same day filed an Answer to Velarde's Complaint. Dockets ## 1, 4. The Honorable Philip A. Brimmer referred the case to this Court for pretrial matters and, on October 8, 2015, this Court issued a Scheduling Order containing deadlines for discovery and other pretrial matters. Dockets ## 17, 20. On March 15, 2016, the Court granted the parties' stipulated motion to extend the rebuttal expert designation deadline to March 22, 2016 and the discovery cutoff to April 22, 2016. Docket #30.

Velarde filed the present motion on March 23, 2016 arguing that Allstate disclosed Peter Weingarten, M.D. ("Dr. Weingarten") as a "rebuttal" expert on March 22, 2016, but portions of the accompanying report date back to 2014 and, thus, cannot be considered as rebutting Velarde's expert report, which was submitted February 8, 2016.  Allstate counters that Velarde's motion "rests upon the faulty premise that Dr. Weingarten's opinions cannot be true rebuttal opinions because he formed them prior to the date Velarde disclosed his experts."  Response, docket #33 at 2.  In addition, Allstate contends Velarde has suffered no prejudice because it disclosed Dr. Weingarten's 2014 reports to Velarde on October 30, 2015, well before the expert disclosure deadline.

Although provided the opportunity to do so, Velarde did not file a reply brief in support of the motion.

## II.    Analysis

Federal Rule of Civil Procedure 26(a)(2)(A) requires a party to "disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."  The purpose of expert disclosures is "to eliminate surprise and provide opposing counsel with enough information ... to prepare efficiently for deposition, any pretrial motions and trial."  *Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071, 1122 (D. Colo. 2006).

Velarde brings his motion pursuant to both Rule 26(a)(2) and Rule 37(c),[1] which states in pertinent part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

---

[1]The Court notes at the outset that Rule 26(a)(2) addresses only the sufficiency of the disclosure.  Compliance with Rule 26(a)(2) does not resolve whether witnesses are qualified under Fed. R. Evid. 702 or whether their testimony is admissible at trial.  Velarde's motion was brought pursuant to Rule 26(a)(2) and Rule 37(c)(1), and the Court will limit its analysis accordingly.

Fed. R. Civ. P. 37(c)(1).  "The imposition of sanctions for abuse of discovery under Fed. R. Civ. P. 37 is a matter within the discretion of the trial court."  *Orjias v. Stevenson*, 31 F.3d 995, 1005 (10th Cir.), *cert. denied*, 513 U.S. 1000 (1994).  A district court abuses its discretion "if the exclusion of testimony results in fundamental unfairness in the trial of the case."  *Id.* (citing *Smith v. Ford Motor Co.*, 626 F.2d 784, 794 (10th Cir. 1980)).

In this case, the Court must first determine whether Allstate failed to comply with Rule 26(a) in designating Dr. Weingarten as a rebuttal expert.  Rule 26 requires parties to disclose the identity of any expert witness "at the times and in the sequence that the court orders."  Fed. R. Civ. P. 26(a)(1)(D).  A rebuttal expert offers "evidence . . . intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)."  Fed. R. Civ. P. 26(a)(2)(D)(ii).  The Court finds that, while the timing of a rebuttal expert designation might lend support to (or detract from) its characterization as a "rebuttal" opinion,  the rules do not require that a rebuttal expert opinion be fashioned only following the submission of an initial expert opinion. *See id.*  As Velarde raises no other argument concerning the characterization of Dr. Weingarten's opinion, and provides no initial expert opinion with which to compare and determine whether the characterization is correct, the Court concludes that Allstate complied with Rule 26(a)(2) in designating Dr. Weingarten as a rebuttal expert on March 22, 2016.

Even if Allstate had failed to comply, however, the Court finds such failure would be harmless in this case.  In *Jacobsen v. Deseret Book Co.*, 287 F.3d 936 (10th Cir. 2002), the Tenth Circuit noted that "Rule 37(c) permits a district court to refuse to strike expert reports and allow expert testimony even when the expert report violates Rule 26(a) if the violation is justified or harmless."  *Id.* at 952-53.  In determining whether a violation is harmless, a trial court must consider the following:

(1) the prejudice or surprise to the party against whom the testimony is offered; (2)

the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.

*Id.* at 953.  Thus, to avoid sanctions, the non-moving party has the burden of showing that it was substantially justified in failing to comply with Fed. R. Civ. P. 26(a) and that such failure was harmless.  *See Hirpa v. IHC Hosps., Inc.*, 50 F. App'x 928, 932 (10th Cir. 2002) ("Our analysis will focus exclusively on whether the district court abused its discretion in determining that the Hospital met its burden of demonstrating, under Rule 37(c)(1), that the failure to disclose the existence of the autopsy slides was substantially justified and harmless.").

Here, Velarde contends he has suffered prejudice from Allstate's designation "in now having to rush to try and find a retained expert to evaluate the opinions of this late-disclosed expert." Motion, ¶ 20, docket #31.  However, it is undisputed that Allstate disclosed the challenged portions of Dr. Weingarten's report to Velarde on October 30, 2015, well before the expert designation deadline of March 22, 2016.  *See* docket #33-1.  While Allstate did not designate Dr. Weingarten as an "expert" at that time, Velarde certainly had the doctor's opinions available for review and evaluation by his own expert before the initial expert designation deadline of February 8, 2016.  The Court finds no prejudice to Velarde with Dr. Weingarten's designation on March 22, 2016.

## III.    Conclusion

For the reasons stated above, the Court finds that Allstate complied with Rule 26(a) when it designated Dr. Weingarten as a rebuttal expert on March 22, 2016 and, even if it had not complied, Velarde is not prejudiced by the designation.

Accordingly, the Court **denies** Plaintiff's Motion to Strike Defendant's Expert Peter Weingarten, M.D. [filed March 23, 2016; docket #31].

4

Dated at Denver, Colorado, this 4th day of May, 2016.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge